## MORONGO BAND OF MISSION INDIANS, Plaintiff,

v.

**Dennis STACH, Workers' Compensation Appeals Board for the State of California, and Frederick P. Popanda, Defendants.**

No. ED CV 96–0336–RT (VAPx).

United States District Court, C.D. California.

Jan. 16, 1997.

---

Barbara E. Karshmer, John R. Shordike, Richard A. Cross, Alexander & Karshmer, Berkeley, CA, for Plaintiff.

John Plotz, Jacqueline Schauer, M.C. Rudy, Division of Workers' Compensation, Legal Unit, San Francisco, CA, Thomas J. McBirnie, Jr., Workers' Compensation Appeals Board, San Francisco, CA, for Defendants.

ORDER (1) GRANTING DENNIS STACH'S AND WORKER'S COMPENSATION APPEALS BOARD'S MOTION TO DISMISS THE COMPLAINT AS TO THEM WITH PREJUDICE, AND (2) DENYING PLAINTIFF MORONGO BAND OF MISSION INDIANS' REQUEST FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANTS DENNIS STACH, WORKERS' COMPENSATION APPEALS BOARD FOR THE STATE OF CALIFORNIA, AND FREDERICK P. POPANDA

TIMLIN, District Judge.

The court, the Honorable Robert J. Timlin, has read and considered plaintiff Morongo Band of Mission Indians' (Band's) application for a preliminary injunction against defendants Dennis Stach (Stach), Workers' Compensation Appeals Board for the State of California (WCAB), and Frederick P. Popanda (Popanda) (collectively defendants), Popanda's opposition to the motion for preliminary injunction, WCAB's memorandum of points and authorities in response to an order to show cause, and Band's reply brief in

support of its application for temporary restraining order/preliminary injunction, as well as oral argument on the application for preliminary injunction.

The court has also read and considered Stach's and WCAB's motion to dismiss Band's complaint as to them (motion to dismiss), the memorandum of points and authorities in support of the motion, the opposition and reply, Stach's and WCAB's requests for judicial notice, filed November 7 and November 14, 1996, and Band's November 12 opposition to, and November 19 objection to, the requests for judicial notice. Popanda did not file a motion to dismiss, but instead filed an answer to the complaint.

Based on such consideration, the court concludes as follows:

## I.

### *EVIDENTIARY RULINGS AND RULING ON REQUEST FOR ORAL ARGUMENT*

In connection with the request for a preliminary injunction, Band objects to Popanda's reference to the contents of Band's (operating as Casino Morongo) employee handbook, on which Popanda relies to argue that Band waived its sovereign immunity and submitted to the jurisdiction of the State of California for the purposes of processing claims for industrial injuries, on the grounds that Popanda has failed to provide the court with a copy of the document and that its contents are hearsay and inadmissible.

The objection is SUSTAINED on the former ground.

Band's request for judicial notice of all pleadings filed in this action (Opposition at p. 1, fn. 2), concurred in by defendants, is GRANTED.

In connection with the motion to dismiss, Stach's and WCAB's request for judicial notice of various documents in the underlying action of *Popanda v. Morongo Bingo Casino* (Cal.WCAB No. SBR 223071) (the WCAB action), including the motion to dismiss in that case filed by Band (in which motion to dismiss defendant Band noted that it had been improperly identified in the WCAB action as "Morongo Bingo Casino"), which request is opposed by Band, is GRANTED, but the use of the material so noticed may be limited for the reasons noted in Band's November 12, 1996 opposition to request for judicial notice.

Band's request for oral argument on the issue of judicial notice is DENIED.

## II.

### *FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND* [1]

Band is a federally recognized Indian tribe, and thus is entitled to the rights, privileges and immunities secured by article I, section 8, clause 3 and article II, section 2, clause 2 of the United States Constitution, by the Mission Indian Relief Act, 26 Stat. 712 (1891), and federal common law. It is the beneficial owner of the Morongo Indian Reservation (the reservation), and the owner and operator of a tribal gaming business known as Casino Morongo, which is located within the exterior boundaries of the reservation, and which is operated in accordance with and under the authority of the laws and regulations of the Morongo Band, the Indian Gaming Regulatory Act, 25 U.S.C. section 2701 et seq. (IGRA), and related federal statutory and common law.

On or about October 11, 1993, Popanda filed against Band a claim pursuant to California Labor Code section 132a(1) (the claim), which formed the basis of the WCAB action.[2] The entity allegedly known as the

---

1. Except as otherwise noted, these facts are taken from Band's complaint for declaratory relief, temporary restraining order, preliminary and permanent injunction. The allegations of material fact from the complaint are assumed to be true and construed in the light most favorable to the nonmoving party for the purpose of ruling on the motion to dismiss. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).

2. Popanda, in his answer, admits that he sued the "Morongo Bingo Casino," but does not admit he sued Band, and denies that he filed his petition for benefits under section 132a on October 11, 1993.

Morongo Bingo Casino was and is the Casino Morongo.

On or about February 7, 1994, a law firm doing business under the name of O'Flaherty & Belgum and/or Kathleen Bloch, an individual employed by O'Flaherty & Belgum, both purporting to represent Band, filed or caused to be filed on behalf of Band an answer to the claim. According to Band, "neither O'Flaherty & Belgum nor Ms. Bloch represented or was authorized to represent the [Band]; they had no attorney contract approved by the Bureau of Indian Affairs as required by federal law, and their purported actions on behalf of the [Band] in response to the [claim] filed in the [state action] were null and void and of no effect whatever. ¶ Thereafter, O'Flaherty and Belgum and/or Ms. Bloch purportedly took certain actions on behalf of [Band] in the course of their purported representation of [Band] in the [state action]. For the reasons herein alleged neither O'Flaherty & Belgum nor Ms. Bloch had any right or authority to represent [Band], to act [on Band's] behalf, to file the [a]nswer, or to appear for any purpose on behalf of the Band pursuant to or in connection with the [c]laim."

On or about February 15, 1995, Band, appearing specially in the WCAB action and represented by its current law firm, moved to dismiss the claim for lack of subject matter and personal jurisdiction. In September 1995, Stach and WCAB denied Band's motion to dismiss the WCAB action and set the matter for hearing.

On or about May 15, 1996, Stach and WCAB granted an order awarding monetary benefits to Popanda and against Band. On or about May 28, 1996, Band filed a petition for reconsideration challenging the denial of its motion to dismiss, which was denied. Popanda's claim was set for a half-day administrative trial, which trial was subsequently enjoined by this court as a result of the filing of this action and the court's granting Band's application for a temporary restraining order (TRO) after an order to show cause (OSC) was issued and a hearing conducted thereon.

Band, which invokes this court's jurisdiction pursuant to 28 U.S.C. sections 1331, 1362, 2201 and 2202 [3], seeks a declaration, pursuant to section 2201, that (1) the State of California and WCAB lack jurisdiction to apply or enforce California Labor Code, section 132a, to Band, its reservation, or Casino Morongo, because of Band's sovereign immunity, which it has not waived, and (2) California and WCAB lack personal jurisdiction over Band or its officers, members and/or employees. Band also seeks an injunction to prevent WCAB and Stach from applying to it and enforcing against it California's Labor Code.[4]

## III.

### *ANALYSIS*

**A.  *WCAB's and Stach's Motion to Dismiss Band's Complaint Must Be Granted Because this Court Lacks Subject Matter Jurisdiction***

WCAB contends that this court lacks jurisdiction over it and Dennis Stach, the worker's compensation referee who was presiding over the WCAB action, because this court is barred from exercising jurisdiction over state agencies by (1) the Eleventh Amendment as recently interpreted by *Seminole Tribe of Florida v. Florida*, —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (*Seminole*) and

---

**3.**  28 U.S.C. sections 2201 and 2202 provide the remedy of declaratory relief, and do not confer jurisdiction upon federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).

28 U.S.C. section 1362 provides that the district courts shall have original jurisdiction of all civil actions brought by any Indian tribe or band recognized by the Secretary of the Interior, in which the matter in controversy arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. section 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws or treaties of the United States. An action raising the issue of inherent tribal sovereignty presents a federal question sufficient to permit a district court to exercise jurisdiction over the action under 28 U.S.C. section 1331. *Native Village of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 552 (9th Cir.1991).

**4.**  Band's complaint also seeks to prevent application to it of California's Workers' Compensation Code. There is no such code; statutes related to workers' compensation are contained in California's Labor Code.

(2) the Anti–Injunction Act, 28 U.S.C. section 2283 (Act).

### 1. *The Eleventh Amendment Bars Suits by Indian Tribes Against a State Or Its Agencies in the Absence of Consent to Suit by the State*

■ The Eleventh Amendment of the United States Constitution prohibits federal courts from considering actions brought by private citizens against state governments, without the states' consent. *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). The Eleventh Amendment's sovereign immunity also restricts suits against states by other sovereigns, including Indian tribes. *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779–82, 111 S.Ct. 2578, 2581–83, 115 L.Ed.2d 686 (1991). Although 28 U.S.C. section 1362 gives federal district courts original jurisdiction over all civil actions brought by any recognized Indian tribe or band when the matter in controversy arises under federal law, that section does not abrogate state sovereign immunity. *Blatchford v. Native Village of Noatak,* 501 U.S. at 788, 111 S.Ct. at 2586.

■ The Eleventh Amendment bars suits against states and their agencies for equitable relief as well as damages. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). A state's sovereign immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 142–46, 113 S.Ct. 684, 687–88, 121 L.Ed.2d 605 (1993); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. at 101, 104 S.Ct. at 907, 79 L.Ed.2d 67. The only exception to this principle is that state **officials** are not immune from federal suit to enjoin them from violating federal laws. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The Supreme Court recently addressed the Eleventh Amendment as it applies to suits by Indian tribes against states in *Seminole,* — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252. The primary effect of *Seminole* was to overturn the Court's prior decision in *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), which held that Congress may abrogate a state's Eleventh Amendment immunity when it legislates pursuant to its powers under the Commerce Clause. Thus, the Court held in *Seminole* that the Indian Commerce Clause, U.S. Const., art. I, § 8, cl. 3, which for Eleventh Amendment purposes is indistinguishable from the Interstate Commerce Clause, U.S. Const., art. I, § 8, cl. 3, does not authorize Congress to abrogate a state's immunity to suit without its consent. *Seminole,* — U.S. at — – —, 116 S.Ct. at 1131–32.

In *Seminole,* the Supreme Court also held that the petitioner's claim, which was barred as to the state by the Eleventh Amendment, could not be brought pursuant to *Ex parte Young* against the state governor, because "where Congress has prescribed a detailed remedial scheme for the enforcement against a state of a statutorily created right, a court should hesitate before casting aside those limitations and permitting an action against a state officer based upon *Ex parte Young.*" *Seminole,* — U.S. at —, 116 S.Ct. at 1132. In other words, Congress may choose to limit the availability of an *Ex parte Young* suit against state officers for violations of federal statutory law, and the Court found that Congress intended to do so when it enacted the statute at issue in *Seminole,* — U.S. at — & — n. 17, 116 S.Ct. at 1133 & 1133 n. 17.

Otherwise, the opinion in *Seminole* had no effect on the well-established principle that despite the immunity for states and state agencies provided by the Eleventh Amendment, "federal courts have jurisdiction to hear suits against state **officials** where, as here, the plaintiffs seek only prospective declaratory or injunctive relief to prevent a continuing violation of federal law. [Citations.]" *CIGNA Healthplan v. State of LA.,* 82 F.3d 642, 644 n. 1 (5th Cir.1996), emphasis added; *Children's Healthcare Is a Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1414–15 (6th Cir.1996). *See Seminole,* — U.S. at —, 116 S.Ct. at 1131–33, nn. 16 & 17.

### 2. *WCAB Is a State Agency Entitled to Assert Eleventh Amendment Immunity*

■ Here, WCAB is a state agency entitled to the protection of the Eleventh

Amendment. The cases involving immunity under the Eleventh Amendment, unlike cases involving the Act, do not make a distinction between state agencies in general and state courts in particular.[5] In determining whether a particular kind of agency or entity is an arm of the state for purposes of the Eleventh Amendment, a federal court looks to the way state law treats the entity and assesses the extent to which the entity derives its power from the state and ultimately is regulated by the state. *Franceschi v. Schwartz*, 57 F.3d at 831. The WCAB is part of a statewide system, *see, e.g.*, Cal. Const., Art. XIV, § 4; Cal.Gov.Code, §§ 11041, 11351; Labor Code, § 111; *Hand Rehabilitation Center v. Workers' Comp. Appeals Bd.*, 34 Cal.App.4th 1204, 1214, 40 Cal.Rptr.2d 734 (1995) (" ' "[WCAB] exercises a portion of the judicial powers of the state and 'in legal effect is a court." ' "). Its workings, procedures, establishment, powers, makeup and how it generally is constituted are matters of state, rather than local, direction and control. It therefore is a state agency and as such, entitled to Eleventh Amendment immunity. *Cf. Wood v. Sargeant*, 694 F.2d 1159, 1161 (9th Cir.1982) (California Employment Development Department and Unemployment Insurance Appeals Board are state agencies entitled to Eleventh Amendment immunity); *V.O. Motors v. California St. Bd. of Equalization*, 691 F.2d 871, 872–873 (9th Cir.1982) (California State Board of Equalization is state agency entitled to Eleventh Amendment immunity).. This action against WCAB, therefore, is barred by the Eleventh Amendment even though it seeks only declaratory and injunctive relief. *P.R. Aqueduct & Sewer Auth. v.*

*Metcalf & Eddy*, 506 U.S. 139, 146, 113 S.Ct. 684, 688, 121 L.Ed.2d 605.

### 3. *Stach, as a Judicial Officer, Also Is Entitled to Eleventh Amendment Immunity Because the Ex Parte Young Exception to Such Immunity Does Not Apply to Judicial Officers*

As to Stach's entitlement to Eleventh Amendment immunity, the Supreme Court held in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, that the Eleventh Amendment does not bar suit against a state **official** acting in violation of federal law. 209 U.S. at 159–60, 28 S.Ct. at 453–54; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 102–03, 104 S.Ct. at 909. The doctrine of *Ex parte Young* is premised on the principle that a state cannot authorize a state officer to violate the Constitution and laws of the United States. Thus, an action by a state officer that violates federal law is not considered an action of the state and, therefore, is not shielded from suit by the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 102, 104 S.Ct. at 909; *Ex parte Young*, 209 U.S. at 159–60, 28 S.Ct. at 453–54 (holding that the officer is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States"). Therefore, a plaintiff may bring suit in federal court against a state officer accused of violating federal law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 102, 104 S.Ct. at 909.[6]

**5.** A state court is definitely an "arm of the state" for purposes of Eleventh Amendment immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995).

**6.** There are limitations upon *Ex parte Young*-based suits against state officers. In particular, when a plaintiff brings suit against a state official alleging a violation of federal law, the federal court may award prospective injunctive relief that governs the official's future conduct, but may not award retroactive relief that requires the payment of funds from the state treasury. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 102–03, 104 S.Ct. at 909; *Edelman v. Jordan*, 415 U.S. 651, 667–69, 94 S.Ct. 1347, 1357–59, 39

L.Ed.2d 662 (1974) (holding that the Eleventh Amendment does not bar suit to compel future compliance by state officials with federal standards for processing welfare applications; but rejecting an injunction ordering retroactive payment of previously owed benefits); *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) ("The distinction between that relief permissible under the doctrine of *Ex parte Young* and that found barred in *Edelman* was the difference between prospective relief on one hand and retrospective relief on the other"). Therefore, an injunction against the state officer is permitted, even if it might require substantial outlay of funds from the state treasury, provided that it does not award retroactive relief for past

Nonetheless, Stach, too, is entitled to assert the Eleventh Amendment as a bar to this suit which seeks to restrain him from acting in his capacity as the workers' compensation referee assigned to Popanda's case. At first blush, it might appear that Stach is a "state official" and susceptible to suit under the *Ex parte Young* exception, particularly as this suit seeks only prospective declaratory or injunctive relief to prevent an alleged continuing violation of federal law.[7] *CIGNA Healthplan v. State of LA.*, 82 F.3d at 644 n. 1; *Children's Healthcare Is a Legal Duty*, 92 F.3d at 1414–15; *Seminole*, —— U.S. at ——, 116 S.Ct. at 1131–33, nn. 16 & 17. However, because he is acting as a referee in a WCAB proceeding, he is entitled to Eleventh Amendment immunity, as explained below.

"The right to enjoin an individual, even though a state official, from commencing suits under circumstances already stated does not include the power to restrain a court from acting in any case brought before it ... an injunction against a state court would be a violation of the whole scheme of our government." *Ex parte Young*, 209 U.S. at 163, 28 S.Ct. at 455, emphasis added.

California law, not federal law, controls in determining whether a particular state entity is a state court. For example, in *Joseph H. Weiderhoff, Inc. v. Neal*, 6 F.Supp. 798 (W.D.Missouri, 1934), the district court issued an injunction against the Missouri Workmen's Compensation Commission, despite the defendants' contention that such commission was a judicial tribunal and therefore protected by the Act, because "[t]he Supreme Court of Missouri has repeatedly ruled that the Workmen's Compensation Commission of Missouri is not a judicial tribunal." 6 F.Supp. at 799. Even in *Town of Springfield, Vt. v. McCarren*, 549 F.Supp. 1134 (D.Vermont 1982), the case relied upon by Band, the federal court looked to state law to determine whether the Public Service Board was a court as opposed to an administrative agency. 549 F.Supp. at 1148 n. 6.

Under California law, WCAB is a state court. *Crawford v. Workers' Comp. Appeals Bd.*, 213 Cal.App.3d 156, 164, 259 Cal.Rptr. 414 (1989), *cert. denied*, 493 U.S. 1058, 110 S.Ct. 868, 107 L.Ed.2d 952 (1990) ("[t]he Legislature has vested all judicial powers under the Workers' Compensation Act in the WCAB [citation] [and] the WCAB is authorized to exercise judicial power in all disputes arising under the Workers' Compensation Act as a constitutional court subject to general legal principles which circumscribe and regulate the judgments of all judicial tribunals ...."), *Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*, 153 Cal.App.3d 965, 970–71, 200 Cal.Rptr. 762 (1984) (the WCAB "'exercises a portion of the judicial powers of the state and "in legal effect is a court"'" and it "finds facts and declares and enforces rights and liabilities" and thus "acts as a court, and ... must observe the mandate of the Constitutions of the United States and of California," including due process of law), and *Rowen v. Workers' Comp. Appeals Bd.*,

---

damages. *Edelman*, 415 U.S. at 667, 94 S.Ct. at 1357–58 ("the difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night"). The Supreme Court has recognized that the *Ex parte Young* doctrine is necessary "to permit federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 105, 104 S.Ct. at 910 (quoting *Ex parte Young*, 209 U.S. at 160, 28 S.Ct. at 454). This purpose would be undermined if state officials were not required to act consistently with federal statutes, as well as the federal constitution. *Almond Hill School v. U.S. Dept. of Agriculture*, 768 F.2d 1030, 1034 (9th Cir.1985). Consequently, the *Ex parte Young* exception to Eleventh Amendment immunity applies to violations of federal statutory rights. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*,

506 U.S. at 144, 113 S.Ct. at 688 (noting that the *Ex parte Young* doctrine "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 102, 104 S.Ct. at 909.

7. What federal law Stach might be violating is not clearly articulated by Band. Band states that the action is one "to enjoin prospective interference by a state official with the Band's sovereign rights and property." (Reply, p. 4:14–17.) The gravamen of Band's complaint is that WCAB and Stach both lack subject matter jurisdiction to proceed against Band pursuant to California Labor Code section 132a. (Points and Authorities in Support of TRO, p. 7:9–15.) However, as discussed below, the act of a state court in acting in excess of its jurisdiction is not necessarily an act in violation of federal law.

119 Cal.App.3d 633, 639 & 639 n. 5, 174 Cal.Rptr. 185 (1981) (WCAB has power to punish for contempt, as well power to issue writs or summons, warrants of attachment, warrants of commitment and all necessary process in proceedings for contempt, in the same manner and extent as other courts). *See also Azadigian v. Workers' Comp. Appeals Bd.*, 7 Cal.App.4th 372, 376, 8 Cal. Rptr.2d 643 (1992) and *Dakins v. Board of Pension Commissioners*, 134 Cal.App.3d 374, 381, 184 Cal.Rptr. 576 (1982), both stating "The WCAB ... is a constitutional court."

■ Furthermore, because WCAB is a state court, and cannot be enjoined by this court from acting under the *Ex parte Young* exception to sovereign immunity under the Eleventh Amendment, neither can Stach, as WCAB's referee, be enjoined from acting under the *Ex parte Young* exception. "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101, 104 S.Ct. at 908. A suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299–300, 58 S.Ct. 185, 187–88, 82 L.Ed. 268 (1937). Here, an injunction ordering Stach not to proceed with the WCAB action would operate against the WCAB, itself, because WCAB, like any court, can act only through individual adjudicatory officers. Thus, restraining Stach from hearing Popanda's claim would effectively restrain WCAB from acting, i.e. fulfilling its judicial function, an impermissible result under *Ex parte Young*.

The court therefore concludes that this action, as against both WCAB and Stach, is barred by the Eleventh Amendment, and that no exception to the Eleventh Amendment applies so as to enable this court to exercise jurisdiction and to restrain them from acting as requested by Band.

Having determined that the action against WCAB and Stach must be dismissed based on lack of subject matter jurisdiction, the court need not consider whether the action against them is otherwise barred by the Act. However, Popanda did not move to dismiss, and is still a party to this action. Therefore, the next issue is whether a preliminary injunction can be issued against Popanda, to enjoin him from proceeding with his claim action against Band.

**B. Band's Application for Preliminary Injunction Against Popanda Is Barred by the Act**

■ Popanda's response to the OSC regarding the issuance of a TRO (which he denominates as his opposition to a motion for preliminary injunction) goes to the merits of Band's substantive case, i.e., whether Band is reasonably likely to succeed on the merits. Popanda contends that Band is unlikely to succeed on the merits of this action because (1) WCAB has jurisdiction over Band, (2) Congress has delegated authority to the State of California to enforce its workers' compensation laws against Band, (3) Band consented to the WCAB action against it under the doctrine of waiver, and (4) Popanda's employment relationship was with Great Western Casinos, Inc., also known as E.C. Investments, U.S.A. Inc., a non-tribal management corporation, and, as to Great Western Casinos, the State of California has jurisdiction over the claim.

However, it appears to the court that there is a more fundamental issue to be resolved, and one which goes to the court's power to grant the injunctive relief sought by Band. The Act is not a jurisdictional statute. However, it does limit the court's power to exercise its equity jurisdiction to enjoin or stay state proceedings. *Gamble v. General Foods Corp.*, 846 F.2d 51, 52 (9th Cir.1988); *Krahm v. Graham*, 461 F.2d 703, 708 (9th Cir.1972). Popanda did not raise the Act in his opposition to Band's request for preliminary injunction, but the court must consider whether it has the power to issue the injunction against him, because jurisdictional limitations are not waived by a failure to assert them, and because the court has a duty to raise such issues sua sponte. *Cammermeyer v. Perry*, 97 F.3d 1235, 1237 n. 3 (9th Cir.1996); *Nome*

*Eskimo Community v. Babbitt,* 67 F.3d 813, 815 (9th Cir.1995). Although Popanda did not assert the Act as a bar to granting injunctive relief against him, Stach and WCAB did assert that the Act is a bar to any relief against them, and Band responded to their argument. The court therefore relies on the briefing by Band, Stach and WCAB, as well as on its own research, in considering the effect of the Act on its power to issue injunctive relief against Popanda.

The Act provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

As concluded above, WCAB is a state court. Because WCAB is a state court for purposes of the Act, the next question is whether one of the exceptions under the Act applies, i.e., whether, in this particular case, (1) injunctive relief has been expressly authorized by Act of Congress, or (2) such relief is necessary in aid of this court's jurisdiction, or (3) such relief is necessary to protect or effectuate this court's judgments.

In response to Stach's and WCAB's argument that the Act prohibits issuance of an injunction against them, Band contends that its request for injunctive relief falls within the second of these exceptions, and that this exception expressly has been held to permit Indian tribes to bring federal court suits to enjoin state court proceedings where the threshold issue is whether the state court has jurisdiction over the subject matter of the dispute. Band cites *Tohono O'odham Nation v. Schwartz,* 837 F.Supp. 1024 (D.Ariz. 1993), *Bowen v. Doyle,* 880 F.Supp. 99, 130 (W.D.N.Y.1995), *Sycuan Band of Mission Indians v. Roache,* 38 F.3d 402, 407–08, *opinion amended and superseded on denial of rehearing by Sycuan Band of Mission Indians v. Roache,* 54 F.3d 535 (9th Cir. 1994), *as amended on denial of rehearing, cert. denied by Sycuan Band of Mission Indians v. Pfingst,* —— U.S. ——, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995) *and cert. denied by Pfingst v. Sycuan Band of Mission Indians,* —— U.S. ——, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995), and *White Mountain Apache Tribe v. Smith Plumbing Co.,* 856 F.2d 1301, 1304 (9th Cir.1988).

WCAB and Stach suggest, without explication, that some of these cases are of doubtful authority after the decision in *Seminole.* They also contend that these cases are distinguishable from the case here, because they all involve issues where a non-judicial branch of the federal government had expressly acted to take jurisdiction over a particular area of regulation, *e.g., Sycuan Band of Mission Indians v. Roache,* 54 F.3d 535 (IGRA), or where the state action implicated matters essential to a tribe's political integrity, *e.g., Bowen v. Doyle,* 880 F.Supp. 99 (internal affairs of tribal government). In contrast, they contend, this case involves workers' compensation proceedings and relief, matters historically within the exclusive province of the States, and an area in which the federal government has not seen fit to legislate.

The court concludes that the cases cited by Band are not persuasive authority for the proposition that the second exception to the Act applies in this case, i.e., Band's requested injunctive relief is necessary in aid of this court's jurisdiction.

■■■ Exceptions to the Act must be narrowly construed and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state court action to proceed. *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). Unless one of the statutory exceptions applies, a federal injunction restraining prosecution of a lawsuit in state court is absolutely prohibited. *Mitchum v. Foster,* 407 U.S. 225, 228–29, 92 S.Ct. 2151, 2154–56, 32 L.Ed.2d 705 (1972); *Lou v. Belzberg,* 834 F.2d at 739–40.

■■■ The general rule under the second exception to the Act is that "where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts. [Citation.] 'Neces-

sary in aid of' is 'similar to the concept of injunctions to "protect or effectuate" judgments.' [Citation.] Neither exception applies unless injunctive relief is 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.' [Citation.] The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the 'necessary in aid of' exception. *See Alton Box [Bd. Co. v. Esprit de Corp.]* 682 F.2d [1267] at 1272–73 [ (9th Cir.1982) ]." *Lou v. Belzberg,* 834 F.2d at 740.

██ The requisite interference for the "necessary in aid of" exception to justify enjoining a state court proceeding exists only when a case is one in rem. *Kline v. Burke Const. Co.,* 260 U.S. 226, 228–229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) (only when a federal court is the first court to obtain jurisdiction over a res which is the subject of an action in rem, and the federal court must be able to proceed as to the res without interference from actions in other courts involving the same res, is an injunction against a state court proceeding "necessary in aid of" the federal court's jurisdiction); *Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d 1267, 1272 (9th Cir.1982). Injunctions against parallel state proceedings are not "necessary in aid of" a federal court's jurisdiction over in personam actions, *Kline v. Burke Const. Co.,* 260 U.S. at 230–32, 43 S.Ct. at 81–82, 67 L.Ed. 226; *Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d at 1272–73, because the mere pendency of a parallel in personam action in state court cannot be considered as interfering with the jurisdiction of the federal court. *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. at 642, 97 S.Ct. at 2893; *Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d at 1273.

When this underlying basis for the "necessary in aid of" exception is kept in mind, it becomes apparent that *Bowen v. Doyle,* 880 F.Supp. 99, *Sycuan Band of Mission Indians v. Roache,* 38 F.3d 402, *Tohono O'odham Nation v. Schwartz,* 837 F.Supp. 1024, and *White Mountain Apache Tribe v. Smith*

*Plumbing Co.,* 856 F.2d 1301 do not support Band's position.

In *Bowen v. Doyle,* 880 F.Supp. 99, the president of the Seneca Nation sought an injunction in federal court to prevent a state court from exercising jurisdiction over a pending state court proceeding in which several present and former members of the Nation's government sought declaratory and injunctive relief against their president related to his purported violations of the Nation's laws. The federal court granted injunctive relief and restrained the state court proceedings, concluding that there was no basis upon which the state court could "exercise jurisdiction over a civil action involving an internal tribal dispute." 880 F.Supp. at 138.

The *Bowen v. Doyle* court also concluded that the Act did not prevent it from restraining the state court for a number of reasons: (1) the federal action was brought by the president in his official capacity as the Nation's president, and the Act does not apply to Indian tribes suing under 28 U.S.C. section 1362 where the same action could have been brought by the United States as trustee for the Nation, 880 F.Supp. at 130 n. 39; (2) the action was brought pursuant to 42 U.S.C. section 1983, which expressly authorizes federal court injunctions against state court proceedings, *id.* at 130, and Indian treaty rights, including the right of self-governance, are constitutional rights which may be vindicated by suits brought under 42 U.S.C. section 1983; and (3) the second exception to the Act's prohibition on enjoining state court proceedings, the "necessary in aid of [federal jurisdiction" exception, has been held to allow Indian tribes to obtain a federal injunction against state court proceedings where the threshold issue is whether the state court has jurisdiction over the subject matter of the dispute, *id.* at 130–31, citing *Sycuan Band of Mission Indians v. Roache,* 38 F.3d at 407–08, *White Mountain Apache Tribe v. Smith Plumbing Co.,* 856 F.2d at 1304, and *Tohono O'odham Nation v. Schwartz,* 837 F.Supp. 1024. It is clear that the *Bowen v. Doyle* court's reliance on the "necessary in aid of jurisdiction" exception to the Act as a basis for granting the injunction was simply dicta, and unnecessary to its decision.

In *Sycuan Band of Mission Indians v. Roache,* 38 F.3d 402, Indian tribes which operated gaming centers on their reservations sought a federal injunction and declaratory relief against California's criminal prosecution of individuals employed in the tribes' gaming centers. The Ninth Circuit held that because California had no authority under IGRA to criminally prosecute tribal employees for conducting gaming activities on reservation lands, the district court had the power to enjoin such prosecutions in the absence of a federal statute or case law affirmatively barring injunctive relief. It also held that California had no jurisdiction under Public Law 280 to enforce its gambling laws against reservation gaming activities which fell within Class II of IGRA. As to the Act, because IGRA mandated exclusive federal jurisdiction over criminal enforcement of Class III state gaming laws in Indian country, California's proceedings prosecuting Indian employees for such gaming activities were in derogation of federal jurisdiction and accordingly a federal injunction was within the "necessary to aid jurisdiction" exception to the Act. 38 F.3d at 407–08.

It is apparent that, under the particular facts of *Sycuan Band of Mission Indians v. Roache,* an injunction against the state court criminal prosecutions was necessary in aid of the federal court's jurisdiction. Under 18 U.S.C. section 1166(a), Congress provided that for purposes of IGRA, all state laws pertaining to the licensing, regulation or prohibition of gambling, including state criminal prosecution for violations of such state laws, would apply in Indian country in the same manner and to the same extent as they applied elsewhere in a state. Congress defined gambling for purposes of section 1166 as not including certain kinds of gaming, 18 U.S.C. § 1166(c), and they provided that the United States has exclusive jurisdiction over the criminal prosecutions of violations of state gambling laws made applicable under section 1166 to Indian country, unless an Indian Tribe had consented to the transfer to the state of such criminal jurisdiction. Thus, unless the federal court restrained the state court from prosecuting the defendants for violations of state gambling laws committed in Indian country, its power to enforce the

federal law making such conduct a crime would have been effectively crippled. *See, e.g., Capital Service, Inc. v. N.L.R.B.,* 347 U.S. 501, 505–506, 74 S.Ct. 699, 702–703, 98 L.Ed. 887 (1954). A defendant cannot be prosecuted twice for the same offense. *Schiro v. Farley,* 510 U.S. 222, 229, 114 S.Ct. 783, 789, 127 L.Ed.2d 47 (1994).

In *White Mountain Apache Tribe v. Smith Plumbing Co.,* 856 F.2d 1301, a non-Indian contractor, Smith Plumbing, filed suit in state court against Aetna Casualty and Surety Company (Aetna) to enforce a performance bond which Aetna had written for the White Mountain Apache Tribe's tribal development enterprise, a subsidiary of the tribal government which undertook to build low-income, federal-financed housing projects. The Tribe had agreed, by tribal council resolution, to indemnify Aetna for any payments it might be required to make under the bond in the event the Tribe, as general contractor, failed to pay all project labor and material costs.

The Tribe brought suit in federal district court, seeking an injunction to restrain the state proceedings against Aetna on the ground that the state proceeding against Aetna would necessarily adjudicate the nature and extent of the Tribe's liability to Aetna pursuant to the indemnification agreement. The Tribe contended that this would impermissibly infringe its federally-protected right of self-government and would violate federal Indian policy of immunity from suit in state court. The district court granted the preliminary injunction, but on appeal the Ninth Circuit reversed, concluding that "no Indian assets or other property situated in Indian country could be directly affected by a judgment for Smith Plumbing against Aetna. Neither would a judgment for Smith Plumbing necessarily have preclusive consequences on the rights of Aetna to indemnity. If the Tribe refuses to comply with its resolution of indemnity, Aetna may indeed be required to seek its remedy in tribal court. But this is a matter of no concern to Smith Plumbing, a stranger to the agreements between Aetna and the Tribe. Moreover, with respect to tribal self-government, the state court case is in no manner a civil case 'where a non-Indian

plaintiff seeks to sue an Indian or to attach or affect Indian property in Indian country.' F. Cohen[, *Handbook of Federal Indian Law* (1982 ed.) ] at 349. The pertinent facts here simply do not call for the state court proceedings to be enjoined." 856 F.2d at 1306.

In reaching this conclusion, the court in *White Mountain Apache Tribe* first considered whether an injunction against the state proceeding was barred by the Act. It concluded that the Tribe's request for injunctive relief fell within the second exception, i.e., that injunctive relief was necessary in aid of federal jurisdiction, because "[t]he district court has jurisdiction to preserve the integrity of tribal claims." 856 F.2d at 1304. The court cited no authority for the proposition that jurisdiction to preserve "tribal claims," regardless of their nature, satisfied the requirements of the "necessary in aid of jurisdiction" exception to the Act. However, implicit in the court's reference to "tribal claims" was the fact that the tribal claims related to a particular res, i.e., the performance bond. Nonetheless, it ultimately concluded that the injunction was not proper, because, in fact, no Indian property was actually subject to the suit. *See Sycuan Band of Mission Indians v. Roache*, 38 F.3d at 408 n. 4, describing outcome in *White Mountain Apache Tribe v. Smith Plumbing Co.*, 856 F.2d 1301.

In *Tohono O'odham Nation v. Schwartz*, 837 F.Supp. 1024, a non-Indian contractor filed suit for breach of contract in state court against the Tohono O'odham Nation Housing Authority, a governmental agency of the Tohono O'odham Nation (Nation). The Nation filed suit in federal court seeking an injunction restraining further proceedings in state court, which the federal court granted. The court relied on *White Mountain Apache Tribe v. Smith Plumbing Co.*, 856 F.2d at 1304–1306, for the proposition that federal district courts may enjoin state court proceedings where "necessary to preserve the integrity of Indian sovereignty. [Citation.]" 837 F.Supp. at 1027–1028. However, the court in *White Mountain Apache Tribe v. Smith Plumbing Co.* did not hold that state court proceedings could be enjoined to preserve the integrity of "Indian sovereignty"; instead, it held that an injunction would issue to preserve the integrity of "tribal claims," and in *White Mountain Apache Tribe v. Smith Plumbing Co.* the claim in question, as noted above, was to a particular res—one which on appeal was held not to be Indian property, and thus one which could not form a proper basis for an injunction against the state court proceeding.

The *Tohono O'odham Nation v. Schwartz* court noted also as follows: "Strong federal policy encourages tribal self-government and tribal self-sufficiency. [Citations.] 'Indian tribes are "distinct, independent political communities, retaining their original natural rights" in matters of local self-government,' over both their members and their territory. [Citations.] Courts have consistently determined that the interpretation of Indian law is a matter of federal law. Accordingly, there is no bar of this action pursuant to the Anti–Injunction Statute, 28 U.S.C. § 2283." 837 F.Supp. at 1028. But, as discussed above, the Act absolutely prohibits enjoining state court proceedings unless one of the three narrowly-construed exceptions is met. The *Tohono O'odham Nation v. Schwartz* court's discussion of the special status of Indian tribes and Indian law does not compel the conclusion that an exception to the Act automatically applies just because an Indian tribe has requested an order restraining a state court proceeding.

▮▮▮▮ Nor does the fact that "the interpretation of Indian law is a matter of federal law" justify enjoining a state court proceeding which involves interpretation of "Indian" and/or federal law.[8] It is a basic principle of law that " 'a federal court does not have inherent power to ignore the limitations of [28 U.S.C. section] 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear.' [Citations.]" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149, 108 S.Ct. 1684, 1691, 100 L.Ed.2d 127 (1988).

---

**8.** None of the parties have suggested that Popanda's claim in the WCAB action requires the interpretation of "Indian law" or raises a federal issue.

"Rather, when a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. at 149–50, 108 S.Ct. at 1691, 100 L.Ed.2d 127. *See also Amalgamated Clothing Workers of America v. Richman Bros.*, 348 U.S. 511, 515–16, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955); *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d at 1273 (Act's prohibition on injunctions of state court proceedings is still applicable even if state court proceedings involve an area of law entirely preempted by federal law). State courts are presumed competent to resolve such federal issues. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. at 150, 108 S.Ct. at 1691, 100 L.Ed.2d 127. Any doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of letting the state court proceed in an orderly fashion to finally determine the issue. *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. at 630, 97 S.Ct. at 2887, quoting *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970).

In summary, it is apparent that none of the cases cited by Band actually stands for the proposition that a federal court can enjoin a state proceeding **merely** because an Indian tribe or nation is a party to the state proceeding; instead, one of the exceptions to the Act must apply. In *Bowen v. Doyle*, 880 F.Supp. 99, injunctive relief against the state proceeding was expressly authorized by the federal statute under which an injunction was sought, i.e., 42 U.S.C. section 1983, and thus the first exception to the Act applied. In *White Mountain Apache Tribe v. Smith Plumbing Co.*, 856 F.2d 1301, there was, or there was initially thought to be, a particular res claimed to be property of the Indian tribe, so that the second exception to the Act might have applied. In *Sycuan Band of Mission Indians v. Roache*, 38 F.3d 402, although there was no res, the nature of the proceedings, i.e., a criminal prosecution of particular defendants for acts over which the federal courts had exclusive jurisdiction, was such that an injunction against the state court criminal proceedings was in fact necessary in aid of the federal court's exclusive jurisdiction. In *Tohono O'odham Nation v. Schwartz*, 837 F.Supp. 1024, as discussed above, the court misapplied *White Mountain Apache Tribe* by relying on the overly broad proposition that the Act's bar does not apply because federal district courts may enjoin state court proceedings where necessary "to preserve the integrity of Indian sovereignty." As noted, such necessity is not one of the three statutory exceptions to the Act.

The above discussion about the applicability of the Act as a bar to enjoining state court proceedings is relevant on the issue of whether this court has the power to enjoin Popanda from pursuing his claim against Band in the state WCAB proceeding, because the Act "cannot be evaded by addressing the order to the parties...." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. at 288, 90 S.Ct. at 1743; *Los Angeles Memorial Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir.1983). The court concludes that it does not have the power to issue a preliminary injunction restraining Popanda from pursuing his state action against Band because an injunction against him as a party to the state proceeding is in effect an injunction restraining the state court, i.e., WCAB, from proceeding as to Popanda's claim.

## C. *Band's Application for a Preliminary Injunction Against WCAB and Stach Must Be Denied*

This court cannot grant injunctive relief against parties over whom it has no subject matter jurisdiction, i.e., WCAB and Stach. Consequently, Band's application for a preliminary injunction must be denied.

## D. *The Court Need Not Address the Issue of Abstention, Pursuant to Younger v. Harris, as to WCAB, Stach or Popanda*

WCAB also contended that even if this court had jurisdiction, it should abstain as to it and Stach. As to WCAB and Stach, the court will not consider the question whether the *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) abstention doctrine applies, because such doctrine presumes the federal court has jurisdiction. As discussed *supra*, the court has concluded that

it does not have jurisdiction as to WCAB and Stach.

■ Regarding Popanda, *Younger v. Harris* holds that a federal court must abstain from enjoining state proceedings when the state has a legitimate substantial interest in such proceedings. However, a consideration of the applicability of *Younger v. Harris* is only necessary if the court first determines that it has the power to issue an injunction despite the Act. Here, having determined that injunctive relief is barred by the Act, the court need not consider abstention as a basis for refusing to issue the injunction as to Popanda.

## IV.

### DISPOSITION

It is ordered that:

(1) defendants Stach's and WCAB's motion to dismiss Band's complaint is granted with prejudice;

(2) Band's request for a preliminary injunction is denied;

(3) the TRO is vacated and the security filed by Band is exonerated.