**D. PELFRESNE, Trustee and S. Eisenberg, Plaintiffs,**

v.

**The VILLAGE OF ROSEMONT, et al., Defendants.**

No. 96 C 4658.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 3, 1997.

Tobin Marais Richter, Chicago, IL, for Plaintiffs.

Peter M. Rosenthal, Simone Marie Boutet, Rosenthal, Murphey, Coblentz & Janega, Chicago, IL, for Defendants.

1. The facts are from plaintiff's complaint and are taken as true for purposes of a motion to dismiss

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs, D. Pelfresne ("Pelfresne") and S. Eisenberg ("Eisenberg"), have filed a complaint against defendants, The Village of Rosemont ("Village"); Donald E. Stephens ("Stephens"), individually and as Village President; Lorraine Clemmensen ("Clemmensen"), John Dorgan ("Dorgan"), Anthony Esposito ("Esposito"), Jack Hasselberger ("Hasselberger"), Emmett Michaels ("Michaels"), Bradley Stephens ("Stephens"), individually and as members of Village Board of Trustees ("Board of Trustees"); Vito Corriero ("Corriero"), individually and as Director of Public Works; August Sansone ("Sansone"), individually and as Director of Purchasing and Commercial Leasing, alleging violations of Sections 1 and 2 of the Sherman Act (Counts I—V), 15 U.S.C. §§ 1 and 2, for which they request injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and attorneys' fees and costs. Plaintiffs also bring state law claims for breach of contract (Count VI), and misrepresentation and fraud (Count VII), for which they request permanent injunctive relief, damages, attorneys' fees, and costs. Defendants have filed the instant motion to dismiss all counts of the complaint pursuant to Fed. R.Civ.P. 12(b). For the reasons set forth below, defendants' motion is granted.

### FACTS [1]

Pelfresne, as trustee, is legal title holder of a tract of land within the Village consisting of approximately 12.5 acres at the northwest corner of Higgins Road and River Road ("Parcel A"). Eisenberg, as trustee, is legal title holder of a tract of land within the Village known as 6250 N. River Road ("Parcel B") on which a masonry restaurant building stands. Both parcels are zoned DD Commercial use. On September 24, 1990, the Village, by and through Village President Stephens, entered into an agreement with plaintiffs' predecessor in title, which provided for the uninterrupted continuation of DD Commercial zoning and use and enjoyment of

under Fed.R.Civ.P. 12(b).

Parcels A and B, including the right to develop, for a term of not less than 15 years.

Parcel A is presently devoted to agricultural use. Pelfresne has well-known intentions to develop Parcel A for one or more of the following uses: (a) Class A commercial office; (b) hotel; (c) retail; (d) gambling or casino; (e) restaurant. Pelfresne contends that the Village and the individually named defendants are his direct competitors in the acquisition, development, and operation of large commercial properties in interstate commerce within the Village.

Eisenberg is in the business of owning, leasing, and operating restaurants in interstate commerce. Eisenberg and her predecessors in title have regularly leased Parcel B to food service operating tenants. Parcel B is zoned for restaurants and, according to plaintiffs, does not require a special use permit. Defendants, nevertheless, have denied permits and approvals to Eisenberg's prospective tenants. For example, on May 14, 1996, defendant Corriero, director of public works for the Village, refused to process Eisenberg's permit application for operating an International House of Pancakes restaurant on Parcel B on the grounds that a special use permit was required and that no action could be taken on the project until a hearing was held before the Zoning Board of Appeals.

The Village contains eight street access restaurants in the moderate price range. Plaintiffs allege, on information and belief, that seven are owned by or located on land owned by the Village. Plaintiffs also contend that several of the named individual defendants and/or their close relatives hold financial interests in the eight restaurants. Plaintiffs further contend that the Village and several of the individually named defendants are owners/lessors of restaurants and, as such, are direct competitors of Eisenberg.

On July 17, 1996, defendant Village of Rosemont caused a Notice of Proposed "Acquisition by the Village of Rosemont" to be sent to the plaintiffs' predecessor in title and submitted a precondemnation letter, stating in part that the Village intended to file an eminent domain action to acquire Parcels A and B as "public parks and open space." On July 29, 1996, plaintiffs filed a complaint in this court, alleging that defendants' denial of special use permits and institution of eminent domain proceedings constituted violations of federal antitrust statutes and various state laws. On August 20, 1996, the Village initiated eminent domain proceedings pursuant to which it seeks to acquire the plaintiffs' property.[2]

In Count I of their complaint before this court, plaintiffs allege that the Village and the individually named defendants conspired to fix, control, raise and stabilize arbitrarily, unlawfully, unreasonably, and knowingly the rental price of restaurant operations in interstate commerce in the Village and to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. In Count II, plaintiffs allege that the defendants' acquisition and control of Village restaurants was done in attempt to monopolize the ownership, leasing and operation of street access restaurants in the Village in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. In Count III, plaintiffs assert that defendants have restrained and monopolized the development of all large tracts of land, including Parcel A, in violation of Section 1 of Sherman Act. In Counts IV and V, plaintiffs allege that defendants have entered into a conspiracy to acquire Parcels A and B by a sham eminent domain proceeding in order to restrain and monopolize development in interstate commerce of tracts within the Village suitable for a casino gambling site in violation of Sections 1 (Count IV) and 2 (Count V) of the Sherman Act. In Counts VI and VII, plaintiffs assert state law claims for breach of contract and misrepresentation and fraud based on the 1990 agreement.

Plaintiffs request the court to enter a permanent injunction pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, compelling defendants to issue all permits required for restaurant use and cease all efforts to devalue or to acquire plaintiff's property. Plain-

---

**2.** The eminent domain case is now pending in the Circuit Court of Cook County; *Village of Rosemont v. Michael Schiessle as Trustee, Donald* *Pelfresne, as Trustee, and S. Eisenberg, as Trustee,* Case No. 96 L 50936.

tiffs also request reasonable attorneys' fees and costs. For their state law claims, plaintiffs request compensatory and punitive damages in excess of $64 million.

Defendants have filed the instant motion to dismiss Counts I through V on the following grounds: (1) the *Younger* abstention doctrine; (2) the Anti–Injunction Act, 28 U.S.C. § 2283; and (3) state action immunity. Defendants also contend that the court should dismiss Counts VI and VII for lack of pendent jurisdiction. Because this court's decision is based on *Younger* abstention and the Anti–Injunction Act, it need not address defendants' arguments on state action immunity.

### DISCUSSION

#### I. *Standard*

 Under Rule 12(b)(6), a court may dismiss a case "for failure to state a claim upon which relief may be granted." Fed. R.Civ.P. 12(b)(6). The motion is based on the sufficiency of the complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). All well-pleaded facts will be taken as true, and all inferences are made in favor of the plaintiff. *Montgomery Ward v. Warehouse Mail Order, Office, Technical and Professional Employees Union*, 911 F.Supp. 1094, 1099 (N.D.Ill.1995). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

#### II. *Younger Abstention*

 Federal courts have a "virtually unflagging obligation ... to exercise jurisdiction given them." *Colorado River Water Conser. Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Notwithstanding this prescription, the princi-

ples of equity, comity, and federalism—"Our Federalism," as it has become known—instruct that a federal court should abstain from unnecessarily interfering with state court proceedings. *BBL Enterprises, Inc. v. City of Chicago*, 1994 WL 649966, at *2 (N.D.Ill. Nov.16, 1994). There are several doctrines of abstention, *see Colorado River*, 424 U.S. at 813–17, 96 S.Ct. at 1244–46, including that set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under *Younger*, a federal court may not enjoin pending state criminal proceedings. *Id.* State proceedings are "pending" if begun before the federal court begins proceeding on the merits. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2291–92, 45 L.Ed.2d 223 (1975) [check pin]. Additionally, *Younger* has been extended to preclude federal courts from enjoining pending state civil proceedings involving important state interests. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

On several occasions, courts in this circuit have abstained from enjoining state eminent domain proceedings based on the *Younger* doctrine. *See, e.g., Ahrensfeld v. Stephens*, 528 F.2d 193, 197 (7th Cir.1975); *RFMS v. Village of Alsip Park District*, 1990 WL 71028 (N.D.Ill. May 17, 1990); *Dash v. Frech*, 1989 WL 75422 (N.D.Ill. June 20, 1989). More specifically, the courts have applied *Younger* when the federal action seeking an injunction of state eminent domain proceedings is based on federal antitrust laws. *See, e.g., Schiessle v. Stephens*, 525 F.Supp. 763, 777 (N.D.Ill.1981) (involving same property at issue in the instant case).

 In the instant case, defendants argue that, if the court were to grant plaintiffs the injunctive relief they seek, the court would, in effect, be enjoining defendants' eminent domain proceeding in state court. Accordingly, defendants urge the court to abstain from deciding plaintiffs' claims on the basis of *Younger* and, because plaintiffs have requested only injunctive relief,[3] to dismiss

---

3. As defendants note, plaintiffs are precluded from requesting monetary relief from the Village and its officials for the alleged antitrust violations under the Local Government Anti–Trust Act of 1994, 15 U.S.C. §§ 34–36. Plaintiffs respond

that they are entitled to money damages because the relevant actions of the individually named Village officials' were not taken in their official capacities, but for their own private and proprietary interests. The court rejects plaintiffs' argu-

plaintiffs' case in full. *Cf. RFMS*, 1990 WL 71028, at *1 (court dismissed request for injunction enjoining pending state eminent domain proceedings under *Younger*, but stayed balance of action requesting monetary relief pending conclusion of state suit); *Schiessle*, 525 F.Supp. at 777 (while court abstained under *Younger* from deciding the plaintiff's antitrust claims where part of relief sought relief would enjoin state court proceedings, it did not dismiss case in full because money damages were properly requested). Plaintiffs respond that *Younger* abstention is not warranted because they would not be afforded an opportunity to challenge the Village's eminent domain action on the same grounds alleged and for the same relief requested in their federal complaint. As defendant points out, however, one of the plaintiffs, Pelfresne, has already filed a traverse in the pending state case, alleging, among other things, that defendants' eminent domain proceeding is unauthorized, unlawful and an abuse of power.

█ The court agrees with defendants that plaintiffs have an opportunity to present their argument that defendants' actions are a "sham" in state court. Moreover, even though federal courts may have exclusive jurisdiction of claims under the Sherman Act, *Village of Bolingbrook v. Citizens Utilities Co.*, 864 F.2d 481 484 (7th Cir.1988), plaintiffs may nonetheless present, and state courts are competent to adjudicate, federal antitrust defenses, *id.* at 484. Plaintiffs have made no showing that the state forum is unwilling or incapable of protecting their rights. *See Dash*, 1989 WL 75422, at *3 (although court recognized that bad faith or existence of multiple state proceedings could warrant federal court's retention of case otherwise sub-

ject to *Younger* abstention, the plaintiff had not shown any inadequacy of state forum to preclude *Younger* abstention). Accordingly, the court grants defendants' motion to dismiss on the grounds of *Younger* abstention.

### III. *Anti–Injunction Act*

As with the doctrine of abstention, the Anti–Injunction Act is based on principles of comity and federalism. *See Vendo Co. v. Lektro–Vend Corporation*, 433 U.S. 623, 629–30, 97 S.Ct. 2881, 2886–87, 53 L.Ed.2d 1009 (1977). The Act, 28 U.S.C. § 2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In *Vendo*, the Court held that injunctions sought in that case pursuant to Section 16 of the Clayton Act did not fall within any of the exceptions to the Anti–Injunction Act. *See Vendo*, 433 U.S. at 643, 97 S.Ct. at 2893–94. Justice Blackmun, however, suggested that a federal court may be able to issue an injunction to effectuate the antitrust laws even if state proceedings would be enjoined when "those proceedings are themselves part of a 'pattern of baseless, repetitive claims' that are being used as an anticompetitive device." 433 U.S. at 644, 97 S.Ct. at 2894 (J. Blackmun, concurring) (quoting *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 513, 92 S.Ct. 609, 613, 30 L.Ed.2d 642 (1972)).

█ In the instant case, plaintiffs seek injunctive relief pursuant to Section 16 of the

---

ments. Plaintiffs cannot escape from the Local Government Anti–Trust Act by simply naming Village officials in their individual capacity. The acts of which plaintiffs' complain, defendants' denial of permits and institution of eminent domain proceedings, are typical actions of Village officials. *See Fisichelli v. Town of Methuen*, 956 F.2d 12, 15 (1st Cir.1992) (town councilors had state action immunity from antitrust actions for denying the plaintiff industrial revenue bond financing to build mall because decision was in councilors' role as town officials, notwithstanding the plaintiff allegation that town officials voted to restrict competition and protect finan-

cial interests of town council member); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1477–78 (10th Cir.1990) (city and county officials acted in official capacity when they adopted zoning ordinances that allegedly amounted to restraint of trade and, thus, officials were immune under Local Government Anti-trust Act from damage liability for alleged restraint of trade). Moreover, plaintiffs' complaint fails to request money damages in Counts I through V (antitrust claims). Accordingly, plaintiffs are precluded from obtaining money damages for their antitrust claims against the Village and the named Village officials.

Clayton Act. Plaintiffs respond that defendants' state eminent domain proceeding is a "sham," is part of a "pattern of baseless, repetitive claims," and, as a result, is outside the scope of the Anti–Injunction Act. This court disagrees.

The plaintiffs contend that there have been three eminent domain proceedings against them. Defendants clarify that there have been only two such court proceedings over the past seventeen years. This does not appear to be the sort of "pattern of baseless" claims that would warrant an exception to the Anti–Injunction Act. *See Los Angeles Memorial Coliseum v. City of Oakland,* 717 F.2d 470, 472–73 (9th Cir.1983) (single state court eminent domain action did not constitute "pattern of baseless, repetitive claims" or "equivalent showing of grave abuse of the state courts."). Nevertheless, as the Seventh Circuit has held, "[e]ven if the suit pending in state court were 'sham litigation,' § 2283 [the Anti–Injunction Act] would prevent an injunction under Justice Blackmun's views because the state court may entertain the antitrust defense without jeopardizing the achievement of federal objectives." *Village of Bolingbrook,* 864 F.2d at 485. Accordingly, the court grants defendants' motion based on the Anti–Injunction Act.

### CONCLUSION

The court grants defendants' motion to dismiss Counts I through V based on the *Younger* abstention doctrine and the Anti–Injunction Act, 28 U.S.C. § 2283, and Counts VI and VII for lack of pendent jurisdiction.